IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE OMAHA CONSTRUCTION INDUSTRY PENSION PLAN, | ) ) ) | CASE NO. 8:23-CV-502 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **COMPLAINT** |
| KOTAS ENTERPRISES, LLC, | ) ) | |
| Defendant. | ) ) | |

COMES NOW the Board of Trustees for the Omaha Construction Industry Pension Plan ("Pension Plan") and for their causes of action against Kotas Enterprises, LLC ("Kotas Enterprises"), state and allege as follows:

### JURISDICTION OF VENUE

1.      This Court has jurisdiction by virtue of Section 301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a), and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1132(e).

2.      Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) because the Pension Plan is administered at its principal place of business located in Omaha, Nebraska.

### PARTIES

3.      Plaintiff Board of Trustees are individuals who serve as trustees of the Pension Plan which is a Trust established by construction labor unions and contractors for the purposes of providing and administering a pension program for construction employees represented by various unions, including with the International Bricklayers & Allied Craftworkers, Local No. 15 ("BAC

No. 15") and provides death, disability and retirement benefits. The Trust is organized pursuant to the provisions of § 302 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186.

4.      Defendant, Kotas Enterprises, is a limited liability company organized and existing pursuant to the laws of the State of Nebraska and has maintained offices in Papillion, Nebraska and a principal office in Lincoln, Nebraska. Kotas Enterprises is an employer as defined by the Labor Management Relations Act of 1974, as amended, engaged in commerce and in an industry affecting commerce as that term is defined in Section 2 of the Labor management Relations Act.

## CLAIM FOR RELIEF

5.      BAC No. 15 is a labor organization representing employees in an industry affecting commerce as defined by the Labor Management Relations Act of 1947, as amended, and has acted as a collective bargaining agent for employees who perform construction work for Kotas Enterprises.

6.      Kotas Enterprises executed agreements, including a Collective Bargaining Agreement dated October 15, 2018 with BAC No. 15 (the "Agreement"), which required Kotas Enterprises to make contributions to the Pension Plan for each hour worked for Kotas's employees that were covered under the Agreement. At all applicable times, employees of Kotas Enterprises performed work covered by the Agreement and the Pension Plan referred to herein.

7.      Kotas Enterprises has breached the provisions of the applicable Agreement with BAC No. 15 by failing and/or refusing to pay all pension contributions becoming due on behalf of its employees covered by the Agreement from October 2018 to present. The failure to pay contributions is in direct violation of the Agreement and is without justification. Plaintiff is unable

to determine the total amount of contributions owed by Kotas Enterprises without an auditing of the books and records of Kotas.

8.    Plaintiff has performed all obligations for purposes of enforcing the Agreement and Kotas Enterprises's obligation to pay contributions to the Pension Plan and has submitted multiple requests to Kotas Enterprises to submit to an audit, however, Kotas Enterprises has refused and/or failed to respond to these requests.

9.    Plaintiff is without an adequate remedy at law and will suffer immediate, continuing, and irreparable injury, loss and damage unless Kotas Enterprises is ordered to specifically perform all contractual obligations on Kotas Enterprises's part which are required to be performed as referenced herein.

10.    Kotas Enterprises's breach of the Agreement by refusing to pay contributions to the Pension Plan has resulted in damages and losses sustained by Plaintiff.

WHEREFORE, Plaintiff requests the following relief:

a.    An Order granting specific performance for Kotas Enterprises to comply with its obligations under the Pension Plan and the Agreement and allowing Plaintiff or its designee to perform a complete audit of Kotas Enterprises's payroll and payroll-related records;

b.    Judgment against Kotas Enterprises for all amounts due as contributions to the Pension Plan;

c.    Reasonable attorney's fees, audit costs, prejudgment interest and costs incurred in accordance with the terms of the Pension Plan, the Agreements and 29 U.S.C. § 1132(g)(2)(D) of ERISA;

d.      Liquidated damages in accordance with the terms of the Pension Plan, the

Agreement, and 29 U.S.C. § 1132(g)(2)(c) of ERISA;

e.      Such other and further legal and equitable relief as this Court deems just

and proper.

DATED this 13th day of November, 2023.

BOARD OF TRUSTEES OF THE OMAHA
CONSTRUCTION INDUSTRY PENSION
PLAN, Plaintiff,

By:      /s/ Aaron A. Clark
Aaron A. Clark, #20045
Britni A. Summers, #26654
Avram N. Tynes, #27685
McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge Street
Omaha, NE  68102
(402) 341-3070 – Phone
(402) 341-0216 – Fax
aclark@mcgrathnorth.com
bsummers@mcgrathnorth.com
atynes@mcgrathnorth.com

ATTORNEYS FOR PLAINTIFF