IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE OMAHA CONSTRUCTION INDUSTRY PENSION PLAN,<br><br>    Plaintiff,<br><br>vs.<br><br>KOTAS ENTERPRISES, LLC,<br><br>    Defendant. | 8:23CV502<br><br>ORDER REQUIRING FURTHER SUBMISSIONS IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT |

  This case is now before the Court on the Motion for Default Judgment by plaintiff Board of Trustees of the Omaha Construction Industry Pension Plan (OCI). Filing 9. The Clerk of Court entered the default of defendant Kotas Enterprises, LLC, on the record on February 13, 2024. Filing 8. In its Complaint and an affidavit supporting its Motion for Default Judgment, OCI alleges that Kotas was required by a collective bargaining agreement between Kotas and the International Bricklayers & Allied Craftworkers, Local No. 15 (BAC No. 15), to make contributions to the Pension Plan on behalf of workers covered by the collective bargaining agreement. Filing 1 at 2 (¶ 6); Filing 9-1 at 1 (¶¶ 2–4). OCI now seeks entry of default judgment granting OCI or its designee authority to perform a complete audit of Kotas's payroll and payroll-related records for a computation of unpaid contributions to the Pension Plan on behalf of workers covered by the collective bargaining agreement, plus liquidated damages, interest, fees, and other relief provided by law. Filing 9 at 1–2. In a Proposed Order submitted with its Motion, OCI indicates that, on completion of the audit, it will contact the Court to schedule a hearing on damages. Filing 9-2 at 2.

1

The Court finds that OCI's Motion for Default Judgment is fundamentally flawed because the record at this point does not demonstrate that OCI is entitled to the relief it seeks. Specifically, OCI has not attached either to its Complaint or to its Motion for Default Judgment a copy of the Pension Plan or the underlying collective bargaining agreement between Kotas and BAC No. 15[1] that purportedly authorize any of the relief OCI claims, including an audit of Kotas's payroll records. *See Greater St. Louis Const., Laborers Welfare Fund v. Larry Ortmann Contracting, Inc.*, No. 4:08-CV-490 (CEJ), 2008 WL 4104557, at *1 (E.D. Mo. Aug. 29, 2008) (denying without prejudice a welfare fund's motion for default judgment where the claim was based on the defendant's breach of obligations under the collective bargaining agreement because the welfare fund had not submitted a copy of the collective bargaining agreement thus failing to establish entitlement to the relief requested). The Court does not consider an affidavit from the Pension Fund Administrator to be sufficient proof of entitlement to relief where it merely states that Kotas "is required under the Agreement, the Pension Fund trust documents, and the Employee Retirements Income Security Act of 1974 ('ERISA') to submit to an audit of company records to ensure compliance with the Agreement and ERISA regarding its obligation to pay contributions to the Pension Fund." Filing 9-1 at 1 (¶ 4).

The Eighth Circuit Court of Appeals has explained that "[i]t is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *KD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 601 (8th Cir. 2021) (quoting *Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008)); *see*

---

[1] BAC No. 15 is not a party to this litigation. OCI has not explained why it is entitled to bring suit to enforce provisions of a contract to which it is not a party.

2

*also* Fed. R. Civ. P. 55(b)(2). For the Court to be able determine whether OCI is entitled to any relief, either to conduct an audit to determine damages or to obtain the damages themselves, OCI must, at a minimum, submit the Pension Fund documents and the collective bargaining agreement, as well as any other documents or authority demonstrating OCI's entitlement to the relief requested.

Accordingly,

IT IS ORDERED that plaintiff Board of Trustees of the Omaha Construction Industry Pension Plan (OCI) shall have to and including May 21, 2024, within which to submit adequate proof of its entitlement to the relief it seeks by default judgment.

Dated this 7th day of May, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge