IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE OMAHA CONSTRUCTION INDUSTRY PENSION PLAN,<br><br>Plaintiff,<br><br>vs.<br><br>KOTAS ENTERPRISES, LLC,<br><br>Defendant. | 8:23CV502<br><br>**PARTIAL DEFAULT JUDGMENT** |

This case is now before the Court on the Motion for Default Judgment by plaintiff Board of Trustees of the Omaha Construction Industry Pension Plan (OCI). Filing 9. The Clerk of Court entered the default of defendant Kotas Enterprises, LLC, on the record on February 13, 2024. Filing 8. In its Complaint and an affidavit supporting its Motion for Default Judgment, OCI alleges that Kotas was required by a collective bargaining agreement between Kotas and the International Bricklayers & Allied Craftworkers, Local No. 15 (BAC No. 15), to make contributions to the Pension Plan on behalf of workers covered by the collective bargaining agreement. Filing 1 at 2 (¶ 6); Filing 9-1 at 1 (¶¶ 2–4). OCI now seeks entry of default judgment granting OCI or its designee authority to perform a complete audit of Kotas's payroll and payroll-related records for a computation of unpaid contributions to the Pension Plan on behalf of workers covered by the collective bargaining agreement, plus liquidated damages, interest, fees, and other relief provided by law. Filing 9 at 1–2. In a Proposed Order submitted with its Motion, OCI indicates that, on completion of the audit, it will contact the Court to schedule a hearing on damages. Filing 9-2 at 2.

1

In an Order Requiring Further Submissions in Support of Motion for Default Judgment, Filing 12, the Court found that OCI's Motion for Default Judgment was fundamentally flawed because the record at that point did not demonstrate that OCI was entitled to the relief it seeks. Specifically, OCI had not attached either to its Complaint or to its Motion for Default Judgment a copy of the Pension Plan or the underlying collective bargaining agreement between Kotas and BAC No. 15 that purportedly authorized the relief OCI claims, including an audit of Kotas's payroll records. Filing 12 at 2 (citing *Greater St. Louis Const., Laborers Welfare Fund v. Larry Ortmann Contracting, Inc.*, No. 4:08-CV-490 (CEJ), 2008 WL 4104557, at *1 (E.D. Mo. Aug. 29, 2008), as denying without prejudice a welfare fund's motion for default judgment where the claim was based on the defendant's breach of obligations under the collective bargaining agreement because the welfare fund had not submitted a copy of the collective bargaining agreement thus failing to establish entitlement to the relief requested). Indeed, BAC No. 15 is not a party to this litigation, and OCI had not explained why it is entitled to bring suit to enforce provisions of a contract to which OCI is not a party. Filing 12 at 2 & n.1. Consequently, the Court gave OCI to and including May 21, 2024, within which to submit adequate proof of its entitlement to the relief it seeks by default judgment. Filing 12 at 3.

OCI responded to the Court's Order on May 16, 2024, by filing a Supplemental Declaration in Support of Motion for Default Judgment by Joel France, the Pension Plan Administrator for the Omaha Construction Industry Pension Plan. Filing 13. OCI attached to that Supplemental Declaration a copy of the Restated Trust Agreement, Omaha Construction Industry Pension Fund (Restated Trust Agreement), Filing 13-1; the Agreement between Kotas and BAC No. 15 (collective bargaining agreement (CBA)), Filing 13-2; and a document not previously

2

mentioned in either OCI's Complaint or its Motion for Default Judgment, captioned Participation Agreement Between the Omaha Construction Industry Pension Fund and Kotas Enterprises, LLC, (Participation Agreement), Filing 13-3.

Mr. France first points out in his Supplemental Declaration that the CBA between Kotas and BAC No. 15 requires contributions to be made to the Pension Plan on behalf of journeymen and apprentices employed by Kotas. Filing 13 at 2 (¶ 3) (citing Filing 13-2 at 6–11). Mr. France next points out that the Participation Agreement contains the following relevant provisions:

> **Section 1: Assent to be Bound to Trust Agreement.**
>
> The Employer agrees to be bound by and hereby assents to all of the terms of the Restated Trust Agreement ("Trust Agreement") which maintains the Plan, all of the rules and regulations heretofore and hereafter adopted by the Board of Trustees pursuant to the Trust Agreement, and to all actions of the Board of Trustees in administering the Plan in accordance with the Trust Agreement and rules adopted in furtherance thereof.
>
> \* \* \*
>
> **Section 3: Contributions.**
>
> (a) The Employer is currently signatory to a Collective Bargaining Agreement between [BAC No. 15] ("Collective Bargaining Agreement"). During the life of this Participation Agreement, the Employer agrees to remit contributions to the Fund equal [to] the greater of hours worked or 40 hours but not less than the average hours worked by all employees participating in the Pension Plan for all Non-Bargaining Unit Employees. . . .

Filing 13 at 2 (¶ 5) (quoting Filing 13-3 at 1). Mr. France also points to the "Enforcement" provisions of the Participation Agreement, which state the following in pertinent part:

> **Section 6: Enforcement.**
>
> (a) The Employer shall promptly furnish to the Board of Trustees or to its authorized agents upon ten (10) days' notice, all employment, personnel or payroll records relating to its former and present eligible Employees . . . which contain any relevant information that may be required in connection with the administration of the Fund and for no other purpose. The Board of Trustees or

3

> their authorized agents shall have the right at all times during business hours to enter upon the premises of the Employer to examine and copy such employment, personnel or payroll records that may be necessary to determine the hours of work performed by an employee, to determine the place such work was performed, and to permit the Board of Trustees to determine whether the Employer has made full payment to the Board of Trustees of the amounts required to be paid under this Participation Agreement or whenever such examination is deemed necessary by the Board of Trustees in connection with the proper administration of the Fund. The cost and related expenses of the audit or other collection efforts shall be borne by the Employer or the Fund in accordance with ERISA § 502(g) and the Fund's Procedure and Policy of Delinquency as it may exist from time to time.
>
> (b) The Board of Trustees of the Fund may, for the purpose of collecting any payments required to be made to the Fund, including damages and costs, and for the purpose of enforcing rules of the Board of Trustees concerning the inspection and audit of payroll records, seek any appropriate legal, equitable or administrative relief…

Filing 13 at 3 (¶ 6) (quoting Filing 13-3 at 3).

Mr. France next avers that the Restated Trust Agreement confirms that the Board of OCI has authority to audit Kotas's records. Filing 13 at 3–4 (¶ 7). In support of that averment, he points to provisions of the Restated Trust Agreement that state as follows:

> Section 4. Mode of Payment and Reports.
>
> \* \* \*
>
> The Trustees may, at any time, designate a qualified representative to conduct an audit of the payroll, wage and other records of any Employer to permit the Trustees to determine whether such Employer is making full payments to the Fund in the amounts required by the Collective Bargaining Agreement. . . .
>
> Section 5. <u>Presumptions Applicable Where Records Are Insufficient</u>. Employers bound to this Trust Agreement are required to maintain records sufficient to allow the Fund's representative and/or auditor to determine which Employee performed work for which contributions were required to be made to the Fund by the Employer and how many hours of such work were performed. . . .

Filing 13-1 at 28–29.

4

Finally, Mr. France avers, "The Pension Plan is requesting that Kotas Enterprises be compelled to submit to an audit as provided under the terms of the Participation Agreement and the Trust Agreement in order to allow the Pension Plan auditors to determine all contributions owed by Kotas Enterprises to the Pension Plan and to allow the court to enter a final judgment in this action." Filing 13 at 4 (¶ 8).[1]

The Eighth Circuit Court of Appeals has explained that after entry of default, a plaintiff has to prove it is entitled to the relief sought in its complaint against each defendant. *Martinizing Int'l, LLC v. BC Cleaners, LLC*, 855 F.3d 847, 850 (8th Cir. 2017). The Eighth Circuit has also explained, "There are various factors courts may consider when determining whether to enter a default judgment." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015). These factors include the following:

> [T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Belcourt Pub. Sch. Dist.*, 786 F.3d at 661 (quoting *Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, 513 F. Supp. 2d 1, 3 (S.D.N.Y.2007)).

As to the factors that the Court finds pertinent here, the Court concludes that OCI has now submitted evidence that clearly established the grounds for default and that Kotas's default

---

[1] The Court finds it puzzling that OCI failed to submit copies of the CBA and the Restated Trust Agreement with its Complaint and failed to submit a copy of the Participation Agreement or even mention it in either its Complaint or its Motion for Default Judgment. As a result of these failings, the Court was required to expend time and resources on an order directing OCI to do what OCI plainly should have done in the first place in order to obtain default judgment. The Courts expects parties—even parties proceeding against an opponent who has defaulted—to exercise more care in marshalling the required proof for their claims.

is not merely caused by a good-faith mistake but is instead the result of inexcusable neglect on the part of Kotas. *Id.* (citing these factors). Furthermore, the provisions of the documents that OCI has now submitted to the record establish as a matter of law that OCI is entitled to perform a complete audit of Kotas's payroll and payroll-related records for a computation of unpaid contributions to the Pension Plan on behalf of workers covered by the collective bargaining agreement, plus liquidated damages, interest, fees, and other relief provided by law, all for the purpose of establishing adequate proof of damages for Kotas's failure to comply with its various obligations under the Restated Trust Agreement, the CBA, and the Participation Agreement. *KD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 601 (8th Cir. 2021) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." (quoting *Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008)); *see also* Fed. R. Civ. P. 55(b)(2). Consequently, the Court will enter default judgment to the extent of permitting such an audit, with final judgment to be entered after OCI submits adequate proof of its damages.

IT IS THEREFORE ORDERED AND ADJUDGED that plaintiff Board of Trustees of the Omaha Construction Industry Pension Plan (OCI) or its designee shall perform a complete audit of the payroll and payroll-related records of defendant Kotas Enterprises, LLC, for a computation of unpaid contributions to the Pension Plan on behalf of workers covered by the collective bargaining agreement, plus liquidated damages, interest, fees, and other relief provided by law, and that defendant Kotas Enterprises, LLC, shall comply with and cooperate fully in such audit.

IT IS FURTHER ORDERED that upon completion of such audit, plaintiff OCI shall file sufficient evidence and argument demonstrating that it is entitled to damages and other relief. Plaintiff OCI shall file status reports on the progress of the audit not less than every sixty (60) days from the date of this Partial Default Judgment.

Dated this 21st day of May, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge